IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ERIC D. McNEAL, | : | |
| Petitioner | : | |
| VS. | : | 7 : 07-CV-44 (HL) |
| KEVIN ROBERTS, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was executed on April 24, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to armed robbery in the Tift County Superior Court on June 18, 2001. He then filed a state habeas petition on January 8, 2003. Petitioner filed this federal habeas petition on May 11, 2007. The respondent argues that the petitioner's conviction became final on July 18, 2001, the date of the expiration of the time for filing a notice of appeal.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner's conviction became final on July 18, 2001, the date on which the time for filing a notice of appeal expired. As the respondent points out, the petitioner had thirty (30) days from the date of this conviction in which to file a notice of appeal pursuant to O.C.G.A. § 5-6-38, and the petitioner failed to do so. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from July 18, 2001, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. However, the petitioner did not file a state habeas petition until January 8, 2003, and waited until May 2007, to file this federal petition. Although the petitioner argues that he began trying to obtain copies of his guilty plea transcript on July 12, 2001, he states that his motion for transcripts was ultimately granted on May 20, 2002. He then waited more than six (6) more months before filing his state habeas petition.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 17th day of January, 2008.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb